# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| VALENCIA FLORENT § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CASE NO. 4:24-cv-3239 | |
| § | | |
| EXPEDITORS INTERNATIONAL OF § | JURY TRIAL DEMANDED | |
| WASHINGTON § | | |
| Defendant. § | | |
| § | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW**, Plaintiff Valencia Florent ("Plaintiff") and accuses Expeditors International {"Defendant") of violating Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 ("Section 1981"), and shows the court the following:

## INTRODUCTION

1. Plaintiff brings this action pursuant to Title VII and Section 1981 alleging race discrimination.

## PARTIES

2. Plaintiff is an individual residing in Humble Texas.

3. Defendant is a business corporation authorized to do business in the State of Texas and can be served process on its registered agent by mail or in person at Registered Agent Solutions, Inc., Corporate Center One 5301 Southwest Parkway, Austin, TX 78735.

## VENUE

4. Venue is appropriate in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b).

## JURISDICTION

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under Title VII and Section 1981.

6. The unlawful employment practices were committed within the jurisdiction of this Court in Harris County, Texas.

## PROCEDURAL REQUISITES

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 12, 2023.

8. Plaintiff received a Notice of Right to Sue from the EEOC on May 31, 2024.

9. Plaintiff has filed this original action in this Court within 90 days from the date of Notice of Right to Sue.

## FACTS:

Upon information and belief, Plaintiff alleges as follows:

10. Plaintiff is an African-American woman.

11. Plaintiff began her employment with Defendant on or around April 30, 2013.

12. Plaintiff was hired by Defendant to work as an Air Export Agent.

13. At the time Plaintiff was terminated, she was a Customs Entry Writer performing the duties of a Customs Brokerage Entry Writer.

14. On or around January 2022, Defendant hired a Hispanic woman to work in Plaintiff's department. Despite having no years of experience in brokerage, and less experience with the company than Plaintiff, she was brought in and paid a higher salary than Plaintiff.

15. On or around May 2022 Plaintiff began doing the work of a lead.

16. The lead position was available, thus Plaintiff applied for the position.

17. However, Plaintiff was not being paid the rate that leads were being paid.

18. Defendant did not consider Plaintiff for the lead position, despite having done the work previously, and Plaintiff was not hired for the position.

19. However, a Hispanic male was offered the position despite having less years of experience in brokerage.

20. The other leads were white.

21. On or around September 2022 Plaintiff presented Defendant with a competing job offer, Defendant did not match the offer despite having matched it for white employees.

22. On October 31, 2022, Defendant unlawfully constructively discharged Plaintiff.

## COUNT I: RACE DISCRIMINATION UNDER TITLE VII

23. Plaintiff re-alleges and incorporates into Count I, paragraphs 1-41.

24. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by Title VII, as amended.

25. Defendant, by and through its agents and employees, have maintained a policy of race/color discrimination in violation of the foregoing statute against Plaintiff.

26. If Plaintiff was not Black, she would not have been subjected to discriminatory treatment and would not have been terminated, would not have suffered discriminatory pay, and would have been hired for the lead position.

## COUNT II: RACE/COLOR DISCRIMINATION UNDER SECTION 1981

27. Plaintiff re-alleges and incorporates into Count I, paragraphs 1-61.

28. The statute located at 42 U.S.C. § 1981(a) provides that "[a] persons within the jurisdiction of the United States shall have the same right in every State and Territory to

make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

29. Defendant, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 1981.

30. Plaintiff was terminated because of her race.

31. If Plaintiff was not Black, she would not have been subjected to discriminatory treatment and would not have been terminated, would not have suffered discriminatory pay, and would have been hired for the lead position.

32. By the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as are enjoyed by non-Black individuals to the performance, enjoyment of, and any and all benefits and privileged, of her contractual relationship with Defendant in violation of 42 U.S.C. § 1981.

33. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorney's fees and costs.

## **DAMAGES:**

34. Plaintiff requests the court award her damages for the appropriate back pay with pre-and-post judgment interest in the amounts to be determined at trial.

35. Plaintiff request the court award her damages for future pay for the appropriate front pay in the amounts to be determined at trial.

36. Plaintiff requests the court award her damages lost employment benefits as a result of Defendant's violation of Title VII and Section 1981.

37. Plaintiff requests the court award her punitive damages.

38. Plaintiff requests the court award her any and all equitable relief as may be appropriate.

39. Plaintiff requests the court award her any and all costs of the action to be paid by Defendant.

40. Plaintiff requests the Court to grant such further relief as the Court deems necessary and proper.

## ATTORNEY'S FEES

41. Plaintiff has incurred and continues to accrue attorney's fees and costs in bringing this action by retaining the services of Stephen Rollins of Rollins Law, PLLC. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

42. Plaintiff demands a jury trial for all issues triable by a jury.

## PRAYER

43. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff be granted the relief requested herein.

Date: August 13, 2024                                  Respectfully Submitted,

*/s/Stephen Rollins*
Stephen Rollins
Bar #: 24123112
14307 Timberhaven Dr.
Houston, Texas 77066
rollinslawfirm@gmail.com
***ATTORNEY FOR PLAINTIFF***